**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001078
12-APR-2013
09:22 AM**

NO. CAAP-11-0001078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANTHONY SANTIAGO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1319)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Anthony Santiago (Santiago) appeals from the Judgment of Conviction and Sentence entered on November 29, 2011 by the Circuit Court of the First Circuit (Circuit Court).[1]  Santiago was convicted of one count of Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841 (Supp. 2012), and one count of Assault in the First Degree in violation of HRS § 707-710 (1993).  Santiago was sentenced to concurrent terms of ten years for each count.

On appeal, Santiago argues two main points.  First, he argues that the Circuit Court failed to specifically instruct the jury that its verdict must be unanimous as to the elements of each count of the Complaint.  Second, he argues that, by instructing with regard to his co-defendant's charge, strictly as

---

[1]  The Honorable Karen S. S. Ahn presided.

an accomplice to robbery the Circuit Court violated his due process rights by, in effect, adopting the testimony of some witnesses and rejecting Santiago's testimony.

1. The Circuit Court did not plainly err when it did not include a specific unanimity instruction directing the jury that it must unanimously agree on the acts and/or injury corresponding to each count. The prosecution presented evidence of one criminal episode and charged two separate crimes; this does not require an Arceo[2] unanimity instruction. State v. Kassebeer, 118 Hawai'i 493, 508, 193 P.3d 409, 424 (2008) citing State v. Valentine, 93 Hawai'i 199, 208, 998 P2d 479, 488 (2000) (two preconditions for an Arceo unanimity instruction are proof of two or more separate and distinct culpable acts and submission to the jury that only one offense was committed).

2. The Circuit Court did not plainly err when it instructed the jury as to Kaulana Akau (Akau) solely as an accomplice. Santiago argues that the Circuit Court "improperly limited the jury's focus" by appearing to adopt the State's version of the facts by instructing the jury as to Akau only as an accomplice. Santiago argues that the Circuit Court's instruction caused the jury to reject any evidence that Akau was the actual perpetrator. The indictment against Akau was for one count of Accomplice to Robbery in the First Degree, in violation of HRS §§ 702-221(2)(c), 702-222(1)(b), and 708-840(1)(a). Santiago does not provide authority for the proposition that it was a comment on the evidence to limit instructions to the specific charge, nor does he present authority for the proposition that it was plain error when the Circuit Court failed

---

[2] State v. Arceo, 84 Hawai'i 1, 928 P.32d 843 (1996).

to, sua sponte, advance Santiago's alternate defense theory of the case via jury instruction.

Therefore, the November 29, 2011 Judgment of Conviction and Sentence of the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 12, 2013.

On the briefs:

Stuart N. Fujioka,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge